No. 05-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 139N

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

CYNTHIA MARIE CARSEN,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark, Cause No. CDC 2004-226
                      The Honorable C. Thomas Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Jon G. Moog and Shannon McDonald, Assistant Public Defenders,
            Helena, Montana

      For Respondent:

            Hon. Mike McGrath, Attorney General; Jim Wheelis, Assistant Attorney
            General, Helena, Montana

            Leo Gallagher, County Attorney; Helena, Montana

_____

Submitted on Briefs:  June 6, 2006

Decided:  June 27, 2006

Filed:

_____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Cynthia Marie Carsen (Carsen) in the District Court for the First Judicial District, Lewis and Clark County, with one count of felony theft of a bronze statue and one count of misdemeanor theft of a pair of antique leather chaps. Carsen filed a motion in limine to preclude the State "from producing any evidence of other crimes or wrongs" from other acts not at issue on appeal. The District Court granted Carsen's motion and the case proceeded through trial.

¶3 During rebuttal closing argument, the State argued that Carsen should be convicted because she essentially had admitted to the crime. The State concluded with these remarks:

> If it were my child sitting over there and I was sitting on this jury, or if it's your child that was sitting over there, perhaps you would want somebody to finally have that child or brother or sister or loved one or good friend finally be held accountable and finally get a judge to decide what ought to happen to protect this community and that person from further harm. Perhaps it is time to decide whether or not we ought to do something about it. Please do something about it.

The jury convicted Carsen on the felony theft charge and acquitted her on the misdemeanor theft charge. She now appeals.

¶4	Carsen argues that the State's rebuttal closing argument, as excerpted above, constituted an improper comment on Carsen's prior bad acts, thereby prejudicing the jury. Carsen argues that the State's comments were highly prejudicial in that the "finally" references "opens the door for the jury to speculate on Carsen's prior bad acts and crimes" that were not in evidence. She contends that rather than having the jury consider the facts as presented, the State asked the jury to "finally" hold Carsen accountable and "finally" get a judge to protect the community. Carsen contends that her pre-trial motion in limine barred such improper comments on her prior bad acts.

¶5	She further asserts that her failure to raise a contemporaneous objection at trial should not waive this issue on appeal as her motion in limine was sufficient to preserve the issue for appellate review. *State v. Stuit* (1996), 277 Mont. 227, 230, 921 P.2d 866, 868. In the alternative, Carsen argues that we should apply plain error review and reach this question despite her failure to raise a contemporaneous objection.

¶6	We have determined to decide this case pursuant to Section I, paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Carsen's appeal lacks merit. Whether we determine that Carsen's motion in limine properly preserved this issue for appeal, or whether we apply plain error review, we reach the same result. The record fails to demonstrate that the State's comments during rebuttal closing arguments rise to the level of prosecutorial misconduct that would warrant a new trial. *Clausell v. State*, 2005 MT 33, ¶ 17, 326 Mont. 63, ¶ 17, 106 P.3d 1175, ¶ 17. Having reviewed the record, and in light of all surrounding circumstances, including the

3

context in which the State made the remark, we hold that Carsen has not established prejudice resulting from the "finally"-related marks by the State during rebuttal closing argument. *See State v. Martin*, 2001 MT 83, ¶ 68, 305 Mont. 123, ¶ 68, 23 P.3d 216, ¶ 68.

¶7    Affirmed.

                                        /S/ BRIAN MORRIS


We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

4